## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAMONT MILLER, a/k/a<br>LAMONT MILLER HOWARD,<br>     Plaintiff | : | |
| | : | |
| | : | |
| | : | |
| vs. | : | |
| | : | |
| CITY OF PHILADELPHIA, PHILADELPHIA POLICE | : | **CIVIL ACTION** |
| OFFICER SERGEANT MICHAEL SPICER (Badge | : | |
| #5180), Individually and as a police officer for the City | : | **JURY TRIAL DEMANDED** |
| of Philadelphia, PHILADELPHIA POLICE OFFICER | : | |
| PERRY BETTS (Badge #6761), Individually and as a | : | |
| police officer for the City of Philadelphia, | : | |
| PHILADELPHIA POLICE OFFICER THOMAS | : | |
| LICIARDELLO (Badge #4383), Individually and as | : | |
| a police officer for the City of Philadelphia, | : | |
| PHILADELPHIA POLICE OFFICER LINWOOD | : | |
| NORMAN,  Individually and as a police officer for the | : | |
| City of Philadelphia, PHILADELPHIA POLICE OFFICER | : | |
| BRIAN REYNOLDS, Individually and as a police officer | : | |
| for the City of Philadelphia, PHILADELPHIA POLICE | : | |
| OFFICER JOHN SPEISER, (Badge #7169), Individually | : | |
| and as a police officer for the City of Philadelphia, | : | |
| PHILADELPHIA POLICE OFFICER LIEUTENANT | : | |
| ROBERT OTTO, Individually and as a police officer for | : | |
| the City of Philadelphia, | : | |
| Defendants | : | |

## COMPLAINT

## I.     JURISDICTION AND VENUE

1.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C.§§ 1331 and 1343

(1), (3) and (4).

2.     This is an action for damages authorized by and/or arising under 42 U.S.C. §§

1983, 1985, the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

      3.      The matter in controversy exceeds, exclusive of interest and costs, the sum of One Hundred Fifty Thousand ($ 150,000.00) Dollars.

      4.      All conditions precedent to jurisdiction have occurred or been complied with.

      5.      State claims are brought pursuant to this Honorable Court's supplemental jurisdiction under 28 U.S.C. § 1367 (a).

      6.      Venue is proper in the Eastern District of Pennsylvania and pursuant to 28 U.S.C. § 1391. Plaintiff resided in the Eastern District of Pennsylvania and the alleged unlawful conduct of Defendants, as set forth in this Complaint, which forms the legal basis of the Plaintiff's claims/causes of action occurred within the Eastern District of Pennsylvania.

## II.    PARTIES

      7.      Plaintiff Lamont Miller, a/k/a Lamont Miller Howard (hereinafter "Plaintiff"), is an adult individual whose date of birth was December 4, 1972 and whose principal residence is 2046 Sigel Street, Philadelphia, Philadelphia County, Pennsylvania 19145.

      8.      Defendant City of Philadelphia is a political subdivision of the Commonwealth of Pennsylvania, situated within the Eastern District of Pennsylvania, with its address at City Hall, Philadelphia, Pennsylvania 19107. It is incorporated and exists as a city of the First Class under the laws of the Commonwealth of Pennsylvania and is empowered to establish, regulate and control its police department for enforcement of laws within its jurisdiction and for the purpose of protecting and preserving the persons and property within the jurisdiction of the City and owns, operates, manages, directs and controls the City of Philadelphia Police Department which

employed the defendant police officers at all times relevant to the within action.

9.      Defendant Sergeant Michael Spicer, (hereinafter "Defendant Michael Spicer") is an adult individual who is currently serving in his capacity as a sworn officer in the Philadelphia Police Department, whose address is One Franklin Square, Philadelphia, Pennsylvania 19106. As a police officer, Defendant Michael Spicer is entrusted with the power to enforce laws of the Commonwealth of Pennsylvania and the City of Philadelphia.

10.      Defendant Perry Betts, (hereinafter "Defendant Betts") is an adult individual who is currently serving in his capacity as a sworn officer in the Philadelphia Police Department, whose address is One Franklin Square, Philadelphia, Pennsylvania 19106. As a police officer, Defendant Betts is entrusted with the power to enforce laws of the Commonwealth of Pennsylvania and the City of Philadelphia.

11.      Defendant Thomas Liciardello, (hereinafter "Defendant Liciardello") is an adult individual who is currently serving in his capacity as a sworn officer in the Philadelphia Police Department, whose address is One Franklin Square, Philadelphia, Pennsylvania 19106. As a police officer, Defendant Liciardello is entrusted with the power to enforce laws of the Commonwealth of Pennsylvania and the City of Philadelphia.

12.      Defendant Linwood Norman, (hereinafter "Defendant Norman") is an adult individual who is currently serving in his capacity as a sworn officer in the Philadelphia Police Department, whose address is One Franklin Square, Philadelphia, Pennsylvania 19106. As a police officer, Defendant Norman is entrusted with the power to enforce laws of the Commonwealth of Pennsylvania and the City of Philadelphia.

13.     Defendant Brian Reynolds, (hereinafter "Defendant Reynolds") is an adult individual who is currently serving in his capacity as a sworn officer in the Philadelphia Police Department, whose address is One Franklin Square, Philadelphia, Pennsylvania 19106. As a police officer, Defendant Reynolds is entrusted with the power to enforce laws of the Commonwealth of Pennsylvania and the City of Philadelphia.

14.     Defendant John Speiser, (hereinafter "Defendant Speiser") is an adult individual who is currently serving in his capacity as a sworn officer in the Philadelphia Police Department, whose address is One Franklin Square, Philadelphia, Pennsylvania 19106. As a police officer, Defendant Speiser is entrusted with the power to enforce laws of the Commonwealth of Pennsylvania and the City of Philadelphia.

15.     Defendant Lieutenant Robert Otto, (hereinafter "Defendant Otto") is an adult individual who is currently serving in his capacity as a sworn officer in the Philadelphia Police Department, whose address is One Franklin Square, Philadelphia, Pennsylvania 19106. As a police officer, Defendant Otto is entrusted with the power to enforce laws of the Commonwealth of Pennsylvania and the City of Philadelphia.

16.     Plaintiff avers that, at all times relevant to the within action, Defendant Otto served as a supervisory, lieutenant for the Defendant City of Philadelphia and was a supervisor of Defendants Michael Spicer, Betts, Liciardello, Norman, Reynolds and Speiser.

17.     Defendants Michael Spicer, Betts, Liciardello, Norman, Reynolds, Speiser and Otto were entrusted to protect the constitutional rights of those they encountered and, at all times relevant to the within action, acted under their authority and color or title of state or municipal public law or ordinance and acted in concert with one or more of the individual defendants

-4-

named herein in the performance of their duties or the conduct of their actions. They are being sued in their official and individual capacities.

18.    Defendants Spicer, Betts, Liciardello, Norman, Reynolds, Speiser and Otto, at all times relevant to the within action, were serving in their capacities as sworn officers in the Philadelphia Police Department. As police officers, said Defendants were entrusted with the power to enforce laws of the Commonwealth of Pennsylvania and the City of Philadelphia.

## III.    FACTS GIVING RISE TO CAUSE OF ACTION

19.    On or about June 16, 2010, Plaintiff left his home to attend a backyard barbeque/cookout with his minor child, who was approximately three (3) years of age.

20.    The aforesaid barbeque/cookout was held at an address in the vicinity of 68th and Carroll Streets, in the southwest section of Philadelphia, Philadelphia County, Pennsylvania.

21.    For more than thirty (30) years prior to June 16, 2010, the Defendant City of Philadelphia, its decisionmakers, supervisory/management level employees of the Philadelphia Police Department and police officers attached to the narcotics units have promulgated customs and policies which authorize, accept, condone and fail to punish the illegal, warrantless searches of civilians such as Plaintiff.

22.    For more than thirty (30) years preceding June 16, 2010, pursuant to the aforesaid customs and policies of Defendant City of Philadelphia, Philadelphia police officers assigned to the department's narcotics units engaged in a pattern and practice of securing and executing search warrants, falsifying evidence and making arrests, without probable cause, based on fraud and misrepresentation.

23.    Prior to June 16, 2010, Defendant City of Philadelphia, by and through its

decisionmakers, supervisory/management level employees and high-ranking officials of its police department, established quotas for narcotics arrests on behalf of the police officers assigned to its narcotics units.

24.     Prior to June 16, 2010, Defendant City of Philadelphia, by and through its decisionmakers, supervisory/management level employees and high-ranking officials, directed and authorized the police officers assigned to the various narcotics units to take all necessary steps, including serving and executing search warrants based on fraud and misrepresentation and falsifying evidence, in order to effectuate drug related arrests and/or to meet the aforesaid quotas.

25.     Prior to June 16, 2010, pursuant to the aforesaid customs and policies, Defendants Spicer, Betts, Liciardello, Norman, Reynolds, Speiser and Otto, engaged in a pattern and practice of violating the civil rights of citizens by securing and executing search warrants without probable cause, based on fraud and misrepresentation, falsifying evidence and subjecting citizens to false arrests, false imprisonment, malicious prosecutions and substantive due process violations while attempting to meet the aforesaid quotas.

26.     Defendants Michael Spicer, Betts, Liciardello, Norman, Reynolds, Speiser and Otto willfully engaged in violation of citizens' constitutional rights by falsifying evidence and subjecting citizens to false arrest, false imprisonment, malicious prosecution and substantive due process violations.

27.     On the early afternoon of June 16, 2010, Plaintiff was walking to the Carroll Street residence in order to attend the aforesaid barbeque/cookout and spend time with his minor child.

28.     As Plaintiff was walking to the Carroll Street location, a black Jeep Cherokee

with tinted windows, containing several of the above-named Defendant officers, pulled next to him.

29.     At the aforesaid date and time, Defendant Norman opened the window of the vehicle and yelled to Plaintiff "We are going to get you nigger."

30.     Plaintiff avers that, at the time Defendant Norman threatened him, three (3) other adult male individuals dressed in plain clothes were in the Jeep Cherokee.

31.     Plaintiff subsequently arrived at the Carroll Street location and attended the aforesaid barbeque/cookout with his minor son and other guests.

32.     On June 16, 2010, while attending the aforesaid barbeque/cookout, neither Plaintiff nor his minor child had committed any criminal offense nor had they violated any laws of the Commonwealth of Pennsylvania and/or the United States of America.

33.     On June 16, 2010, officers of the narcotics division for the Defendant City of Philadelphia, including Defendants Michael Spicer, Betts, Liciardello, Norman, Reynolds and Speiser, conducted a raid at a property at 6844 Guyer Street, Philadelphia, Philadelphia County, Pennsylvania.

34.     On the aforesaid date, Defendant Michael Spicer, acting in concert with the other named Defendant officers and without legal justification or probable cause, entered the Carroll Street location.

35.     On the aforesaid date, at the aforesaid location, Defendant Michael Spicer, acting in concert with the other above-named Defendant officers and accompanied by additional Philadelphia police officers, confronted Plaintiff and demanded that Plaintiff empty his pockets.

36.    Plaintiff asked Defendant Michael Spicer and the other officers what this was about and Defendant Michael Spicer responded "shut the fuck up nigger".

37.    Defendant Michael Spicer, without a warrant, probable cause, legal justification or consent proceeded to conduct three (3) separate searches of Plaintiff.

38.    Each search of Plaintiff uncovered no illegal controlled substances, contraband or any item that would subject Plaintiff to arrest, incarceration or imprisonment.

39.    On said date, prior to Plaintiff's attending the barbeque/cookout on Carroll Street, Plaintiff's mother had given him a sum of cash to assist with his bills and expenses.

40.    On said date, Defendant Michael Spicer, while conducting three (3) separate illegal searches of Plaintiff's person, seized the Four Hundred Sixty-Five ($ 465.00) Dollars cash from Plaintiff's pocket and placed said cash in his pocket.

41.    Defendant Michael Spicer never gave Plaintiff a receipt for the cash that he converted from Plaintiff's pocket nor did he list or mention the cash seized in any official police report or inventory.

42.    After searching Plaintiff three (3) times at the Carroll Street location and finding no illegal controlled substances or contraband, Defendant Michael Spicer arrested Plaintiff and took Plaintiff into custody in the presence of Plaintiff's minor child, friends and individuals attending the Carroll Street barbeque/cookout.

43.    On said date, Defendant Michael Spicer, acting in concert with the other above-named Defendant officers, involuntarily and forcibly removed Plaintiff from the Carroll Street location and forcefully took him to the property at 6844 Guyer Street, Philadelphia, Philadelphia County, Pennsylvania.

-8-

44.     While at the Guyer Street premises, Defendant Michael Spicer, without probable cause or legal justification, violently threw Plaintiff down onto hardwood flooring at said location.

45.     After throwing Plaintiff onto the floor at the Guyer Street location, Defendant Michael Spicer stated to Plaintiff that they had seized fourteen (14) grams of crack cocaine from Plaintiff's front pants pocket.

46.     Plaintiff responded to Defendant Michael Spicer's false accusation by stating, "come on officer, what is this? I am not stupid."

47.     Defendant Michael Spicer responded "I am not stupid either nigger."

48.     Plaintiff stated, "please don't call me out by that name", to which Defendant Michael Spicer responded, "I am the police and I do what I want."

49.     Defendant Michael Spicer, acting in concert with the other named Defendants and pursuant to the aforesaid customs, policies and practices of Defendant City of Philadelphia, transported Plaintiff from the Guyer Street residence to police headquarters and charged him with the crimes of Manufacture, Delivery or Possession With Intent to Manufacture or Deliver; Criminal Conspiracy Engaging-Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver; Intentional Possession Controlled Substance By Person Not Registered. A copy of the Criminal Complaint is attached hereto, marked Exhibit "A" and incorporated herein.

50.     Plaintiff's bail was originally set at Two Hundred Thousand ($ 200,000.00) Dollars and subsequently, upon motion of Defendants, was raised to Five Hundred Thousand ($ 500,000.00) Dollars.

51.    Subsequent to the setting of bail, Plaintiff was incarcerated on the aforesaid charges.

52.    Plaintiff was unable to secure release on bail and remained incarcerated until after his guilty plea and sentencing.

53.    On March 3, 2011, Plaintiff's case was called for disposition in the Court of Common Pleas, Criminal Trial Division of the County of Philadelphia.

54.    On said date, Defendant Michael Spicer, acting in concert with the other named Defendants and pursuant to the customs, policies and practices of Defendant City of Philadelphia, advised Plaintiff that he would receive probation and be released from prison if he plead guilty to the charge of Manufacture, Delivery or Possession With Intent to Manufacture or Deliver a Controlled Substance, a felony.

55.    In order to coerce Plaintiff to plead guilty on the false charges, Defendant Michael Spicer threatened Plaintiff that, if he did not accept the plea bargain, Defendants would produce testimony to insure that Plaintiff was convicted on all charges and incarcerated for a minimum period of five (5) years in a state prison.

56.    As a direct response to the threats of Defendant Michael Spicer, Plaintiff accepted the plea bargain, entered a guilty plea and was sentenced on the aforesaid charge of Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver a Controlled Substance, a felony.

57.    Subsequent to entering a guilty plea and being sentenced on the aforesaid charge on March 3, 2011, Plaintiff was released from prison.

58.    In December, 2012, the Philadelphia District Attorney's Office informed Philadelphia Police Commissioner Ramsey that Defendants Michael Spicer, Betts, Liciardello,

Norman, Reynolds and Speiser would no longer be permitted to be witnesses in narcotic cases due to an ongoing investigation regarding their credibility as police officers and said officers were transferred out of the narcotics unit.

59.     Pursuant to a criminal complaint filed in the United States District Court for the Eastern District of Pennsylvania, on July 30, 2014, Defendants Michael Spicer, Betts, Liciardello, Norman, Reynolds and Speiser were arrested and charged with racketeering conspiracy, civil rights violations, robbery and extortion.

60.     The federal complaint asserted that the aforesaid Defendants, on a regular basis, falsified facts in order to establish probable cause for their arrests.

61.     The federal complaint further asserted that said Defendants planted drugs, stole drugs, stole money and lied in the preparation of police paperwork and in their court related testimony.

62.     Based upon the allegations contained in the federal complaint against the aforesaid Defendants, the Defender Association of Philadelphia filed petitions to reopen more than One Thousand Four Hundred (1,400) convictions in which the aforesaid Defendants were involved, including Plaintiff's conviction.

63.     On or about September, 2014, the Defender Association of Philadelphia, by and through Assistant Defender Bradley S. Bridge (hereinafter "Attorney Bridge"), filed a Motion For A New Trial Based Upon After Discovered Evidence; Alternatively, For Post Conviction Collateral Relief; Or Alternatively, For A Writ of Habeas Corpus. A copy of said Motion is attached hereto, marked Exhibit "B" and incorporated herein.

64.     On April 8, 2016, Attorney Bridge's Motion was granted by the Honorable Sheila

-11-

Woods-Skipper, Judge of the Court of Common Pleas, Criminal Division, for the County of Philadelphia. A copy of the aforesaid Order of Court is attached hereto, marked Exhibit "C" and incorporated herein.

65.    On April 8, 2016, a Nolle Pros was entered by the Philadelphia District Attorney's Office and all charges against the Plaintiff were dismissed. (See Exhibit "C")

66.    By letter dated April 15, 2016, Attorney Bridge and the Defender Association of Philadelphia notified Plaintiff "that on April 8, 2016, the Philadelphia District Attorney's Office and Judge Sheila Woods-Skipper agreed with us that your conviction was improper. As a result, the prosecutor's office reopened your conviction and then dismissed the charges against you." A copy of said letter from Assistant Defender Bridge is attached hereto, marked Exhibit "D" and incorporated herein.

67.    As a result of the letter from Attorney Bridge dated April 15, 2016, Plaintiff first learned of the improprieties and illegal conduct of Defendants Michael Spicer and the other named Defendants regarding Plaintiff's false arrest, false imprisonment and the resulting malicious prosecution of Plaintiff and deprivation of Plaintiff's substantive due process and violation of Plaintiff's civil rights.

68.    The conduct of the Defendants in conducting an illegal, warrantless search without probable cause of Plaintiff and in terrifying Plaintiff and his minor child, was pursuant to a policy which was promulgated, created, accepted and/or acquiesced to by the Defendant City of Philadelphia, its high-ranking policymakers and decisionmakers and supervisory management level employees including those in the police department.

69.    Defendants City of Philadelphia and supervisory/management level employees

of the Philadelphia Police Department have further promulgated customs and policies which authorize, accept, condone and fail to punish illegal, warrantless searches without probable cause or consent, false arrests, false imprisonment, malicious prosecutions and violations of substantive due process rights of civilians, such as Plaintiff.

70.     Defendant officers acted willfully, deliberately, maliciously, or with reckless disregard for Plaintiff by engaging in the above-described conduct.

71.     Defendants' conduct, while acting under the color of state law and as agents, servants and employees of the Defendant City of Philadelphia and its high-ranking policymakers and decisionmakers, was undertaken in concert with and pursuant to a conspiracy to subject civilians, including Plaintiff, to unlawful arrest, false imprisonment, malicious prosecution, violation of due process of law and to otherwise deprive citizens and Plaintiff of their civil and constitutional rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the Commonwealth of Pennsylvania.

72.     Defendant officers disregarded proper police practices regarding the use of search warrants and the prohibitions against conducting warrantless searches without probable cause or consent and subjecting civilians, including Plaintiff, to false arrests, false imprisonment, malicious prosecutions and deprivations of due process rights.

73.     Defendant officers acted willfully, deliberately, maliciously, or with reckless disregard for Plaintiff, by conducting the aforesaid illegal, warrantless search without probable cause or consent, by terrifying Plaintiff and his minor child and by subjecting Plaintiff to false arrest, false imprisonment, malicious prosecution and violation of Plaintiff's due process rights.

74.     Defendant City of Philadelphia, by and through the Defendants and the

-13-

supervisory and/or management level employees of the Philadelphia Police Department, knew or should have known that the Defendants were engaging in the above-described wrongful, illegal and unconstitutional conduct and took no action to prevent said conduct.

75.    Defendant City of Philadelphia, by and through Defendants and the actions of the supervisors and management level employees of the Philadelphia Police Department, created, adopted, participated in and/or acquiesced to the above-described negligent, improper, wrongful, illegal and unconstitutional conduct of the Defendants.

76.    Defendant City of Philadelphia, by its policies, customs and practices and the actions of Defendants and the supervisors and management level employees and officers of the Philadelphia Police Department, acting under the color of state law and motivated by prejudice against the Plaintiff as aforesaid, has violated and deprived the Plaintiff of rights, privileges and immunities procured by the Constitution and the laws of the United States of America and the Commonwealth of Pennsylvania, thereby causing the injuries and damages to Plaintiff as more fully described herein.

77.    Defendant Michael Spicer and the other named Defendant officers acted willfully, deliberately, maliciously and with reckless disregard of Plaintiff's constitutional and statutory rights and said actions were part of a pattern, practice and custom condoned, adopted and participated in by Defendant City of Philadelphia of subjecting its citizens to false arrests, false imprisonment, malicious prosecutions and deprivations of substantive due process rights.

78.    On June 16, 2016, prior to being subjected to a false arrest and false imprisonment by Defendants, Plaintiff had not committed any criminal offenses or violated any of the laws of the City of Philadelphia, Commonwealth of Pennsylvania and the United States of America nor

-14-

had Plaintiff engaged in any conduct which justified the actions of the Defendants.

79.    The only evidence leading to Plaintiff's conviction resulted from the false information provided by Defendant Michael Spicer and the above-described illegal conduct of all named Defendants.

80.    Prior to June 16, 2010, the high-ranking policymakers and decisionmakers of the Defendant City of Philadelphia, including the supervisory/management level employees of the police department, knew or should have known of the corruption, lack of integrity and civil rights violations committed by Defendant Michael Spicer and the above-named Defendant officers.

81.    Plaintiff avers that, at the time of his arrest and for years before, federal agents, federal prosecutors, the Philadelphia Police Commissioner and his predecessors, his subordinates, former District Attorney Lynne Abraham, her subordinates and her successor, former District Attorney Seth Williams, knew of the corruption, lack of integrity and civil rights violations of the Defendant officers.

82.    Plaintiff avers that, at the time of his arrest and for years leading up to his arrest, the above-named Defendant officers were the subject matter of federal investigations and questions raised by state prosecutors, federal prosecutors and other sources, which ultimately resulted in the federal prosecution of said officers in July, 2014.

83.    Defendant City of Philadelphia has failed to properly discipline the defendant officers and other officers in the police department in cases involving violations of the rights of civilians, including cases involving improper searches and seizures without probable cause or consent, providing false information and subjecting civilians to false arrests, false imprisonment, malicious prosecutions and violations of due process rights.

-15-

84.    Defendant City of Philadelphia has encouraged, tolerated, ratified and been deliberately indifferent to patterns, practices and customs of its police officers and the need for more or different training, supervision, investigation or disciplines in engaging in unlawful stops, conducting illegal, warrantless searches and seizures without probable cause or consent and subjecting civilians to false arrest, false imprisonment, malicious prosecution and violation of due process rights.

85.    Defendant City of Philadelphia has further failed or refused to take remedial or disciplinary action against police officers who use their status as a law enforcement officer to unlawfully stop citizens, subject citizens to illegal searches and seizures and without probable cause or consent, to subject citizens, including Plaintiff, to false arrests, false imprisonment, malicious prosecutions and violations of due process rights, under circumstances where said citizens, like Plaintiff, have committed no crime or violation of the laws of the United States of America and the Commonwealth of Pennsylvania.

86.    Defendant City of Philadelphia encouraged, tolerated, ratified and has been deliberately indifferent to patterns, practices and customs of its police officers, including police officers' failure to follow proper procedures and guidelines and to invoke a code of silence or to wrongfully and deliberately give sworn or unsworn testimony supporting the actions and conduct of fellow officers, regardless of whether said actions and conduct violated the rights of civilians and the laws of the United States of America and the Commonwealth of Pennsylvania.

87.    Defendant City of Philadelphia encouraged, tolerated, ratified and has been deliberately indifferent to patterns, practices of its police officers, including the refusal of police officers to intervene when other officers violate the rights of citizens in their presence and the

-16-

refusal of police officers to report or provide information concerning the misconduct of other officers, thereby adhering to a custom or practice known as "the Blue Wall" and/or "the Code of Silence".

88.    Defendant City of Philadelphia is deliberately indifferent to the need to train, supervise and discipline police officers, including the officers named as defendants herein.

89.    The Internal Affairs Division (hereinafter "IAD") of the Philadelphia Police Department fails to provide an internal disciplinary mechanism that imposes meaningful disciplinary and remedial actions and allows excessive delays in resolving disciplinary issues.

90.    The IAD of the Philadelphia Police Department fails to provide an internal disciplinary mechanism that imposes meaningful disciplinary and remedial actions and has failed to effectively discipline numerous officers who have engaged in wrongful conduct, such as the conduct of the defendants named herein.

91.    The IAD of the Philadelphia Police Department has failed to impose meaningful disciplinary and remedial actions or consistent, rational and meaningful disciplinary and remedial remedies.

92.    As a result of the inadequate, ineffective and substandard customs, policies and practices of the IAD, as set forth above, no proper or meaningful investigation was conducted concerning the conduct of the above-named Defendants who conducted an illegal, warrantless search of Plaintiff, without probable cause or consent and subjected Plaintiff to false arrest, false imprisonment, malicious prosecution and the deprivation of his due process rights.

93.    The conduct of the IAD investigation demonstrates that its personnel are not adequately trained and supervised in the proper conduct of investigations involving the

execution of illegal and warrantless searches without probable cause and consent and subjecting civilians who have committed no crimes to false arrests, false imprisonment, malicious prosecutions, deprivations of due process rights and other related injuries and damages.

94.    A review of the investigatory procedures of the IAD of the Philadelphia Police Department reveals a pattern of administrative conduct wherein all benefits of the doubt are given to the police officers as opposed to citizens/civilians.

95.    The investigations of the IAD of the Philadelphia Police Department regularly fail to impose meaningful discipline and/or remedial actions upon its police officers and said investigations regularly lack quality and contain serious deficiencies.

96.    The investigation conducted by the IAD and the investigators for the Defendant City of Philadelphia fell below the acceptable police standards, including police standards for an investigation involving the illegal and warrantless search and seizure of a citizen, without probable cause or consent, who had done nothing wrong, the terrorizing of the citizen and his minor child and the subjecting of said citizen to false arrest, false imprisonment, malicious prosecution, deprivation of due process rights and subjecting the citizen to other related injuries and damages.

97.    As a direct and proximate result of the policies, customs, omissions, failure to properly investigate or take proper remedial or disciplinary action against police officers, especially those who conduct unlawful stops, warrantless searches and seizures without probable cause or consent and who subject citizens who have done nothing wrong, like Plaintiff, to false

-18-

arrests, false imprisonment, malicious prosecutions, deprivations of due process rights and other related injuries and damages, the Defendant City of Philadelphia has a long standing, documented history of civil rights violations by its police officers.

98.     The aforesaid documented history includes more than one thousand four hundred (1,400) cases wherein convictions were investigated, re-opened and/nolle prossed due to the improper and illegal conduct of one or more of the above-named Defendant officers.

99.     The Defendant City of Philadelphia was aware of and deliberately indifferent to the unconstitutional acts and omissions of the above-named Defendant officers, which resulted in the investigation, re-opening and/or nolle prossing of approximate one thousand four hundred (1,400) cases involving said Defendant officers.

100.    The Defendant City of Philadelphia was aware and deliberately indifferent to the directive from the Philadelphia District Attorney's Office in December, 2012, that the above-named Defendant officers would no longer be permitted as witnesses in narcotics cases.

101.    The Defendant City of Philadelphia was aware and deliberately indifferent to complaints alleging violations of civil and constitutional rights, including falsification of evidence, warrantless searches without probable cause or consent and the subjecting of its citizens to false arrests, false imprisonment, malicious prosecutions, deprivations of due process rights and other related injuries and damages by police officers, including the above-named Defendants.

102.    As a result of the above-described customs, policies, acts, failure to act, omissions, systemic deficiencies, failure to train, failure to investigate and/or discipline and deliberate indifference to the rights of its citizens by the Defendant City of Philadelphia, its high-

-19-

ranking decisionmakers/policymakers and the supervisory/management level members of the police department, the above-named individual Defendants believed that they could violate Plaintiff's rights with impunity, including by engaging in fraud or falsehoods to arrest and prosecute Plaintiff and that their conduct would not be honestly and properly investigated, with the foreseeable result that said officers would violate the constitutional rights of Plaintiff and other citizens.

103.    The above-named Defendant officers acted under the color of state law and entered into a conspiracy with each other, to deprive Plaintiff of his rights, privileges and immunities under the constitution of the United States, the Commonwealth of Pennsylvania and the applicable statutes and law.

104.    The above-named Defendant officers acted under color of state law and entered into a conspiracy with each other, motivated by prejudice against Plaintiff due to his race, to deprive Plaintiff of his rights, privileges and immunities under the constitutions of the United States of America, the Commonwealth of Pennsylvania and the applicable statutes and law.

105.    The above-named Defendant officers further deprived Plaintiff of his right to be secure in his person and property, to be free from unlawful searches, from being subjected to false arrest, false imprisonment, malicious prosecution, deprivation of due process of law and other related injuries and damages.

106.    The conduct of the above-named Defendant officers was accepted, condoned, adopted and participated in by Defendant City of Philadelphia, its high-ranking decisonmakers/ policymakers and the supervisory/management level employees of its police department.

## COUNT I
## VIOLATION OF 42 U.S.C. § 1983
## FALSE ARREST
## PLAINTIFF VS. ALL DEFENDANTS

107.    Plaintiff hereby incorporates by reference the allegations in Paragraphs 1-106 as though the same were more fully set forth at length herein.

108.    At all times relevant to the within action, Defendants acted under the color of state law and deprived Plaintiff of his federal constitutional rights.

109.    On June 16, 2010, Defendant Michael Spicer, acting in concert with and pursuant to a conspiracy with the other named Defendant officers and pursuant to the policies, customs and practices of the Defendant City of Philadelphia, conducted a warrantless search and seizure of Plaintiff without probable cause or consent and falsely, maliciously, without legal justification and privilege of arrest placed Plaintiff under arrest for Manufacture, Delivery or Possession With Intent to Manufacture or Deliver; Criminal Conspiracy Engaging-Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver; Intentional Possession Controlled Substance By Person Not Registered.

110.    The conduct of Defendant Michael Spicer and the other named Defendant officers in subjecting Plaintiff to false arrest was accepted, approved, condoned, acquiesced to, adopted and participated in by Defendants and their policymakers, supervisors and management level employees, who, at all times acted under color of state law.

111.    Defendants' conduct violated Plaintiff's rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution and the applicable statutes and case law therein.

-21-

112.    As a direct and proximate result of the conduct, acts and omissions of all Defendants, Plaintiff sustained damage and injuries more fully set forth herein.

WHEREFORE, Plaintiff Lamont Miller, respectfully requests that this Honorable Court enter judgment in his favor and against the Defendants in the amount of all damages, including compensatory damages, punitive damages against individual Defendants, interest, injunctive relief, attorney's fees and costs under 42 U.S.C. § 1988 and such other relief that this Honorable Court deems just and reasonable.

**COUNT II**
**VIOLATION OF 42 U.S.C. § 1983**
**FALSE IMPRISONMENT**
**PLAINTIFF VS. ALL DEFENDANTS**

113.    Plaintiff hereby incorporates by reference the allegations in Paragraphs 1-112 as though the same were more fully set forth at length herein.

114.    Defendant Michael Spicer and the other named Defendant officers, while acting under the color of state law and as an agent, servant and employee of the Defendants City of Philadelphia, Defendant and its policymakers and supervisory/management level employees, without probable cause, proper warrants,  proper complaint or legal justification arrested and took Plaintiff into custody and further deprived Plaintiff of his liberty by confining Plaintiff at police headquarters, in a police vehicle and by incarcerating Plaintiff.

115.    Defendant Michael Spicer lacked probable cause to arrest Plaintiff on any criminal charges and Plaintiff's arrest was illegal.

116.    After falsely arresting Plaintiff, Defendant Michael Spicer orchestrated Plaintiff's initial detention and incarceration.

117.    Defendant Michael Spicer arrested Plaintiff, deprived Plaintiff of his liberty and took Plaintiff into custody initially on the false charges of Manufacture, Delivery or Possession With Intent to Manufacture or Deliver; Criminal Conspiracy Engaging-Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver; Intentional Possession Controlled Substance By Person Not Registered, despite the overwhelming exculpatory evidence available and the lack of probable cause necessary to assert any official privilege to detain or imprison Plaintiff.

118.    Defendant Michael Spicer's arrest, detention and confinement of Plaintiff was unjustified and for his own malicious purposes.

119.    Defendant Michael Spicer did not arrest, confine and imprison Plaintiff for a legitimate law enforcement purpose, but rather said arrest was a direct and proximate result of the conspiracy between  Defendant Michael Spicer and the other named Defendants and the customs, policies and practices of the Defendant City of Philadelphia in allowing its police officers to subject innocent civilians like Plaintiff to warrantless searches and seizures without probable cause or consent, false arrests, false imprisonment, malicious prosecutions, deprivations of due process rights and other related injuries and damages.

120.    Defendants' illegal and unjustified arrest of Plaintiff occurred on June 16, 2010 and was followed by an illegal and improper prosecution by Defendants, until the charges were terminated in Plaintiff's favor and dismissed by the Court of jurisdiction on April 8, 2016.

121.    As a result of the conduct of Defendants as set forth above, Plaintiff was detained and incarcerated from June 16, 2010 until subsequent to his guilty plea and sentencing on March 3, 2011.

122.    The above-described conduct of Defendant Michael Spicer and the other named

Defendant officers constitutes a false imprisonment of Plaintiff, which resulted in the Plaintiff sustaining the damages and injuries set forth herein.

123.    The conduct of Defendant Michael Spicer and the other named Defendant officers in subjecting Plaintiff to false imprisonment, was accepted, approved, condoned, acquiesced to, adopted and participated in by Defendant City of Philadelphia, its high-ranking decisionmakers/policymakers and the supervisory/management level employees of the police department.

124.    At all times relevant to the within action, Defendants, their agents, policymakers and supervisory/management level employees acted under color of state law and deprived Plaintiff of his federal constitutional rights.

125.    Defendants, therefore, are liable to Plaintiff for false imprisonment.

126.    Defendants conduct violated Plaintiff's rights, privileges and immunities as secured by the Fourth and Fourteenth Amendments to the United States Constitution and the applicable statutes and case law therein.

WHEREFORE, Plaintiff Lamont Miller, respectfully requests that this Honorable Court enter judgment in his favor and against the Defendants in the amount of all damages, including compensatory damages, punitive damages against individual Defendants, interest, injunctive relief, attorney's fees and costs under 42 U.S.C. § 1988 and such other relief that this Honorable Court deems just and reasonable.

**COUNT III**
**VIOLATION OF 42 U.S.C. § 1983**
**MALICIOUS PROSECUTION**
**PLAINTIFF VS. ALL DEFENDANTS**

127.    Plaintiff hereby incorporates by reference the allegations in Paragraphs 1-126 as

though the same were more fully set forth at length herein.

128.    Defendant City of Philadelphia by and through its agents, servants, workman and employees, including Defendant Michael Spicer and the other named Defendant officers, acting under the color of state law, instituted criminal charges against Plaintiff, specifically Manufacture, Delivery or Possession With Intent to Manufacture or Deliver; Criminal Conspiracy Engaging-Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver; Intentional Possession Controlled Substance By Person Not Registered.

129.    Defendants, by and through Defendant Michael Spicer, further orchestrated the setting of bail at the preliminary arraignment in the amount of Two Hundred Thousand ($ 200,000.00) Dollars and subsequently orchestrated the increase of Plaintiff's bail to the sum of Five Hundred Thousand ($ 500,000.00) Dollars.

130.    The Defendant City of Philadelphia and its high-ranking policymakers/ decisionmakers and the supervisory/management level employees of the police department failed to intervene to allow a bail reduction or to dismiss the false charges against Plaintiff and to relieve Plaintiff of the hardship of having to defend against the prosecution of said charges by Defendants.

131.    Defendants lacked probable cause for the initial filing of charges against Plaintiff, for continuing to prosecute Plaintiff on said illegal and false charges and for subjecting Plaintiff to the criminal justice system.

132.    As a result of the Defendants' actions, Plaintiff was unable to raise funds and to secure his liberty, which had been wrongfully and illegally deprived by Defendants.

133.    As a result of Defendants' actions, Plaintiff had to appear before a magistrate district justice for a preliminary hearing on the false charges brought by Defendant Michael Spicer.

134.    Defendants acted maliciously in arresting and continuing to prosecute Plaintiff and their actions were for a purpose other than bringing Plaintiff to justice.

135.    Defendants acted with ill will or spite in that said Defendants lacked the belief in the propriety in the arrest and prosecution of Plaintiff on the aforesaid charges.

136.    Defendant Michael Spicer knew or should have known from the outset that the charges against Plaintiff were without probable cause and that there was insufficient evidence to sustain the criminal charges against Plaintiff.

137.    Defendant Michael Spicer knowingly ignored overwhelming exculpatory evidence, thereby  providing false information to the prosecutor/District Attorney in order to insure that criminal charges were filed against Plaintiff.

138.    Defendant Michael Spicer knowingly and intentionally interfered with any informed discretion on behalf of the prosecutor/District Attorney, by ignoring overwhelming exculpatory evidence and thereby providing false information against Plaintiff, specifically that Plaintiff had engaged in any illegal conduct or conduct which justified the filing of the criminal charges in the within matter.

139.    Defendant Michael Spicer acted with an overzealous desire to arrest Plaintiff on said charges and/or with blindness and intentional avoidance of the evidence of Plaintiff's innocence on said charges.

-26-

140.    Defendant Michael Spicer's arrest of Plaintiff was initiated and prosecuted for malicious purposes and as a direct result of his failure and/or refusal to conduct a proper investigation and to review and to examine the overwhelming exculpatory evidence which was provided or readily available to him.

141.    Defendant Michael Spicer's arrest of Plaintiff was without probable cause and illegal and formed a basis for Plaintiff's custodial confinement and the deprivation of his liberty.

142.    The criminal proceedings against Plaintiff were terminated and ended in Plaintiff's favor by a dismissal of all charges by the Court of record on April 8, 2016.

143.    The conduct of Defendant Michael Spicer and the other named Defendant officers in subjecting Plaintiff to malicious prosecution was accepted, approved, condoned, acquiesced to, adopted and participated in by Defendant City of Philadelphia, its high-ranking policymakers/ decisionmakers and the supervisory/management level employees of the police department.

144.    Defendants are therefore liable to Plaintiff for malicious prosecution.

145.    Defendants conduct violated Plaintiff's rights, privileges and immunities as secured by the Fourth and Fourteenth Amendments to the United States Constitution and the applicable statutes and case law therein.

WHEREFORE, Plaintiff Lamont Miller, respectfully requests that this Honorable Court enter judgment in his favor and against the Defendants in the amount of all damages, including compensatory damages, punitive damages against individual Defendants, interest, injunctive relief, attorney's fees and costs under 42 U.S.C. § 1988 and such other relief that this Honorable Court deems just and reasonable.

-27-

## COUNT IV
## VIOLATION OF 42 U.S.C. § 1983, 1988
## DUE PROCESS VIOLATIONS
## PLAINTIFF VS. ALL DEFENDANTS

146.    Plaintiff hereby incorporates by reference the allegations in Paragraphs 1-145 as though the same were more fully set forth at length herein.

147.    Plaintiff's right to be free from illegal searches and seizures, false arrest, false imprisonment, malicious prosecution and the damages and injuries related thereto is fundamental under the United States Constitution including the Fourth and Fourteenth Amendments.

148.    The conduct of Defendant Michael Spicer and the other named Defendant officers was willful, reckless, grossly negligent and deliberately indifferent to the life and safety of Plaintiff.

149.    The conduct of Defendant Michael Spicer and the other named Defendant officers constitutes a violation of the Fourth and Fourteenth Amendments to the United States Constitution and to the Plaintiff's right to personal security, to life and liberty and to be free from arbitrary, reckless and  punitive government action which shocks the conscience.

150.    Plaintiff had a right and a liberty interest in his good name, reputation, honor and integrity without having the same being damaged as a direct result of the illegal conduct of Defendants.

151.    The actions of Defendants permanently damaged Plaintiff's good name and reputation and adversely impacted his ability to pursue  his chosen profession.

152.    Plaintiff cannot be deprived of his liberty interest without due process of law.

153.    Plaintiff cannot be deprived of his property interest without due process of law.

154.    As a direct and proximate result of the above-described conduct of Defendant Michael Spicer and the other named Defendant officers, Plaintiff sustained grievous injuries.

155.    The actions of Defendant Michael Spicer and the other named Defendant officers were willful, wanton, malicious, oppressive and unjustified.

156.    The actions of Defendant Michael Spicer and the other named Defendant officers were accepted, acquiesced to, condoned, adopted, ratified and participated in by Defendant City of Philadelphia, its high-ranking policymakers/decisionmakers, agents, and the supervisory/ management level employees of the police department, who, at all times, acted under color of state law.

157.    Defendants have deprived Plaintiff of both substantive and procedural due process by engaging in the above-described illegal conduct.

158.    Defendants' conduct further violated Plaintiff's rights, privileges and immunities as secured by the Fourteenth Amendment to the United States Constitution and the applicable statutes therein.

159.    As a result of the action of the Defendants, as set forth above Plaintiff is entitled to punitive damages and attorney's fees and costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff Lamont Miller, respectfully requests that this Honorable Court enter judgment in his favor and against the Defendants in the amount of all damages, including compensatory damages, punitive damages against individual Defendants, interest, injunctive relief, attorney's fees and costs under 42 U.S.C. § 1988 and such other relief that this Honorable Court deems just and reasonable.

-29-

## COUNT V
## VIOLATION OF 42 U.S.C. § 1983
## SUPERVISORY LIABILITY
## PLAINTIFFS VS . ALL DEFENDANTS

160.    Plaintiff hereby incorporates by reference the allegations in Paragraphs 1-159 as though the same were more fully set forth at length herein.

161.    Plaintiff avers that during the period when Defendant Michael Spicer and the other named Defendant officers violated his rights, Defendant Otto served in a supervisory or management capacity for the Defendant City of Philadelphia.

162.    At all times, the actions of Defendant Michael Spicer and the other named Defendant officers was accepted, approved, condoned and acquiesced to by Defendant Otto, who acted in a management or supervisory capacity and Defendant City of Philadelphia and all Defendants acted under color of state law.

163.    Defendant Otto, Defendant City of Philadelphia, its high-ranking policymakers/ decisionmakers and the supervisory/management level employees of the police department directed the conduct which resulted in the violation of the federal rights of the Plaintiff as alleged or had actual knowledge of the violation of said federal rights by the subordinate defendants and accepted, approved, condoned and acquiesced in said violations.

164.    Defendant Otto and police supervisors acted with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the violation of the civil rights of Plaintiff or failed to maintain or enforce a policy under circumstances wherein one or more policies or regulations were necessary to protect the rights of Plaintiff and other citizens.

165.    Defendant Otto and the high-ranking policymakers/decisionmakers of the Defendant City of Philadelphia and the supervisory/management level employees of the police department had some specific knowledge of the unconstitutional conduct of Defendant Michael Spicer and the other Defendant officers and intentionally acquiesced in this conduct by failing to establish proper procedures or by failing to adequately train and supervise Defendant Michael Spicer and other named Defendant officers.

166.    The conduct of the Defendant City of Philadelphia by and through its policymakers and supervisory personnel was a proximate cause of the injuries and damages suffered by Plaintiff, as set forth herein and said Defendants' failure to train or supervise Defendant Michael Spicer and the other named Defendant officers caused Plaintiff to be deprived of his civil rights and as such, said supervisory Defendants are personally liable for all damages and injuries to Plaintiff.

167.    The illegal and improper actions of Defendant Michael Spicer and the other named Defendant officers was a direct result of the lack of proper training and supervision by Defendant City of Philadelphia, its policymakers and supervisory/management level employees.

168.    As a further result of the aforesaid deficient supervision of Defendant Michael Spicer and the other named Defendant officers by Defendant Otto, Defendant City of Philadelphia and its policymakers and supervisory/management level employees, Plaintiff suffered the damages set forth herein.

WHEREFORE, Plaintiff Lamont Miller, respectfully request that this Honorable Court enter judgment in their favor and against the Defendants in the amount of all damages,

including compensatory damages, punitive damages against individual Defendants, interest, injunctive relief, attorney's fees and costs under 42 U.S.C. § 1988 and such other relief that this Honorable Court deems just and reasonable.

**COUNT VI**
**VIOLATION OF 42 U.S.C. § 1983, 1985**
**CONSPIRACY**
**PLAINTIFF VS. ALL DEFENDANTS**

169.    Plaintiff hereby incorporates by reference the allegations in Paragraphs 1-168 as though the same were more fully set forth at length herein.

170.    Prior to June 16, 2010, Defendant City of Philadelphia, by and through its high-ranking policymakers/decisionmakers and supervisory/management level employees of the police department established quotas for narcotics arrests on behalf of the police officers assigned to the narcotics units.

171.    The aforesaid quotas were established as a result of a pattern, practice, custom and policy of the Defendant City of Philadelphia.

172.    Pursuant to the aforesaid pattern, practice, custom and policy, Defendant City of Philadelphia established quotas for narcotics arrests and directed police officers assigned to the narcotics units to take all necessary steps to effectuate drug related arrests and/or to meet the aforesaid quotas.

173.    On or before June 16, 2010, Defendants Michael Spicer, Betts, Liciardello, Norman, Reynolds and Speiser entered into a conspiratorial agreement to execute warrantless searches and seizures without probable cause or consent, to falsify information and evidence necessary to arrest, incarcerate and prosecute for narcotics offenses and to subject innocent

citizens, including Plaintiff, to false arrests, false imprisonment, malicious prosecutions,
deprivations of due process and other related injuries and damages.

174.    Defendants entered into the aforesaid conspiratorial agreement in order to meet
the quotas for narcotics arrests established by their supervisors.

175.    Alternatively, notwithstanding any quotas, Defendants entered into the aforesaid
conspiratorial agreement pursuant to a wanton, willful, illegal motive to effectuate a high number
of drug related arrests and to deprive innocent citizens, such as Plaintiff of their rights under the
Fourth and Fourteenth Amendments to the United States Constitution.

176.    The aforesaid conspiratorial agreement between Defendants which was initially
entered into prior to June 16, 2010 and was continued, ratified, re-employed and/or re-entered on
June 16, 2010.

177.    On June 16, 2010, Defendant Michael Spicer and the other named Defendants
took an overt act in furtherance of said conspiratorial agreement by conducting a warrantless
search and seizure of Plaintiff without probable cause or consent, by terrifying Plaintiff and his
minor son and by subjecting Plaintiff to false arrest, false imprisonment, malicious prosecution,
due process violations in violation of the Fourth and Fourteenth Amendments to the United
States Constitution.

178.    The aforesaid conspiratorial agreement entered into by Defendants lasted through
Plaintiff's arrest, incarceration and sentencing.

179.    The aforesaid conspiratorial agreement between Defendants further lasted through
the Motion For A New Trial, Post Conviction Collateral Relief and For A Writ of Habeas Corpus

by the Defender Association of Philadelphia, the Order granting said Motion entered into by the

Honorable Sheila Woods-Skipper and the dismissal of all charges against Plaintiff by a nolle

prosequi entered into by the Philadelphia District Attorney's Office on April 8, 2016.

180.    Defendants acting under color of state law and motivated by prejudice against the

Plaintiff, including prejudice against Plaintiff due to his race, conspired with each other for the

purpose of impeding, obstructing, hindering and defeating the due course of justice and with the

intent to deny Plaintiff his rights under the Fourth and Fourteenth amendments of the United

States Constitution.

181.    Defendants conspired to engage in the conduct alleged above, whereby each

Defendant acted in concert, pursuant to an agreement, to cause the stated harm and facilitated the

conspiratorial objective of inflicting the resulting harms upon Plaintiff by their own acts or

omissions or by those of fellow co-conspirators.

182.    In furtherance of the aforesaid conspiracy, the Defendants committed, as

overt acts, those acts set forth above, thereby causing Plaintiff to suffer and sustain the

deprivations, injuries and special damages more fully set forth herein.

183.    Each Defendant named herein acted in concert and pursuant to an agreement

to cause the harm or harms to the Plaintiff as described herein.

184.    Each Defendant facilitated in some way the conspiratorial objective of inflicting

harm upon the Plaintiff by his own act or omission or by those of fellow co-conspirators.

185.    Each Defendant named herein acted in concert and pursuant to a conspiratorial

objective and agreement to execute warrantless searches and seizures without probable cause or

consent to falsify information and evidence necessary to arrest, incarcerate and prosecute and to

-34-

subject innocent civilians, such as Plaintiff, to false arrests, false imprisonment, malicious prosecutions, deprivations of due process and resulting injuries and damages.

186.    Each Defendant named herein acted in concert and pursuant to a conspiratorial objective and agreement to support the official version of facts offered by each Defendant officer including Defendant Michael Spicer and to support the warrantless searches and seizures without probable cause or consent, falsification of facts and evidence necessary to arrest, incarcerate and prosecute innocent civilians, including Plaintiff and to effectuate a high number of drug related arrests and convictions, regardless of the innocence of those arrested.

187.    Each Defendant named herein acted in concert and pursuant to a conspiratorial objective and agreement to justify the false arrests, incarceration and prosecutions of innocent citizens such as Plaintiff and at all times their conduct was accepted, approved, condoned, acquiesced to, adopted and participated in by Defendant City of Philadelphia, its policymakers, supervisors and management level employees, who acted under color of state law.

188.    The damages and injuries suffered by Plaintiff were the direct and proximate result of the aforesaid conspiracy engaged in by each Defendant.

WHEREFORE, Plaintiff Lamont Miller respectfully request that this Honorable Court enter judgment in their favor and against the Defendants in the amount of all damages, including compensatory damages, punitive damages against individual Defendants, interest, injunctive relief, attorney's fees and costs under 42 U.S.C. § 1988 and such other relief that this Honorable Court deems just and reasonable.

## COUNT VII
## VIOLATION OF 42 U.S.C. § 1983
## MUNICIPAL LIABILITY
## PLAINTIFF VS. DEFENDANT CITY OF PHILADELPHIA

189.    Plaintiff hereby incorporates by reference the allegations in Paragraphs 1-188 as though the same were more fully set forth at length herein.

190.    Prior to June 16, 2010, Defendant City of Philadelphia developed and main-maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons within the Commonwealth of Pennsylvania, which caused the violation of the rights of the Plaintiff.

191.    Prior to June 16, 2010, it was the policy and custom of Defendant City of Philadelphia to inadequately interview and screen during the hiring process for its police officers and to inadequately train, re-train and supervise its police officers, including Defendant Michael Spicer and the other named Defendant officers.

192.    The failure of Defendant City of Philadelphia to properly interview, screen, train, retrain and supervise its police officers resulted in its failure to adequately discourage and prevent constitutional and civil rights violations on the part of its police force, including Defendant Michael Spicer and the other named Defendant officers.

193.    Defendant City of Philadelphia did not mandate adequate or appropriate service training of its police officers, including those who were known in the past to have engaged in police misconduct, civil and constitutional rights violations and actions which posed a risk to the safety and well-being of the citizens of the Commonwealth of Pennsylvania.

194.    Defendant City of Philadelphia further failed to mandate adequate or appropriate

in-service training or discipline to those officers who were known to encourage or tolerate the aforesaid misconduct, including Defendant Michael Spicer and the other named Defendant officers.

195.    Defendant City of Philadelphia failed to provide proper training to its police officers concerning search and seizures, the requirement of probable cause and protecting innocent citizens from false arrests, false imprisonment, malicious prosecutions, due process violations and other related injuries and damages.

196.    The actions and conduct of Defendant Michael Spicer and the other named Defendant officers in the within matter were caused by a policy, practice and custom of the Defendant City of Philadelphia of failing, with deliberate indifference, to supervise and properly train its police officers in the legal search and seizure mandates, the requirement for probable cause and the duty to protect innocent civilians from false arrests, false imprisonment, malicious prosecutions, due process violations and other related injuries and damages and in providing truthful information to Philadelphia police investigators and to the Philadelphia District Attorney's Office.

197.    Defendant City of Philadelphia has failed to properly discipline defendant officers and other officers in the police department in cases involving improper tactics for warrantless searches and seizures without probable cause or consent,  investigating citizen civilians, ignoring or refusing to consider exculpatory evidence conducting improper, defective, lackadaisical investigations resulting in the false arrests, false imprisonment, malicious prosecutions and due process violations of citizens of the Commonwealth of Pennsylvania without probable cause and/or consent.

198.    Defendant City of Philadelphia maintained a grossly, systemically deficient process of review of police misconduct, including abuse of police powers or violations of citizens' rights by police officers.

199.    Defendant City of Philadelphia has failed to identify instances of abusive police powers or violations of citizens' rights by police officers or to discipline, more closely supervise or re-train officers who abuse their police powers or violate citizens' rights, including Defendant Michael Spicer and the other named Defendant officers.

200.    The lack of meaningful investigation, supervision and discipline of officers accused of misconduct was a custom so deeply ingrained as to constitute the actual policy of Defendant City of Philadelphia.

201.    Defendant City of Philadelphia was deliberately indifferent to the need for a system of discipline that insured consistent and certain punishment for police officers who violated the rights of citizens or departmental directives.

202.    Defendant City of Philadelphia failed to devote adequate staff and resources to litigating officer appeals of disciplinary decisions imparted by police supervisors/management.

203.    Defendant City of Philadelphia failed to adequately train its staff or otherwise provide them with training and support to litigate officer appeals of disciplinary decisions by police supervisors/management.

204.    Defendant City of Philadelphia failed to insure timely investigations, disciplinary proceedings, disciplinary decisions and hearings on appeals of the disciplinary decisions of police supervisors/management.

-38-

205.    Defendant City of Philadelphia failed to insure that its staff was prepared to litigate officer appeals of supervisory disciplinary decisions.

206.    The lack of a system of discipline that insured consistent and certain punishment for those police officers who violated the rights of citizens or Departmental directives was a custom so deeply ingrained as to constitute the actual policy of the Defendant City of Philadelphia.

207.    The foregoing acts, omissions, systemic deficiencies, custom and deliberate indifference, caused police officers, including Defendant Michael Spicer and the other named Defendant officers, to believe that misconduct, including the violation of citizens' rights, would not be promptly punished and that any punishment or discipline imposed would be delayed for years and ultimately overturned, with the foreseeable result that officers, including Defendant Michael Spicer and the other named Defendant officers believed that they could violate the rights of citizens like Plaintiff, with impunity.

208.    The foregoing acts, omissions, systemic deficiencies, custom and deliberate indifference, caused police officers, including Defendant Michael Spicer and the other named Defendant officers, to believe that misconduct, including the violations of citizens' rights, would not be meaningfully investigated or that no meaningful sanctions, punishment or discipline would be imposed, with the foreseeable result that officers, including Defendant Michael Spicer and the other named Defendant officers, believed that they could violate the rights of citizens like Plaintiff, with impunity.

209.    Defendant City of Philadelphia was deliberately indifferent to the need for training, supervision and discipline of police officers to avoid creating situations in which said

officers believed that they could blatantly conduct warrantless searches and seizures without probable cause or consent and to prosecute innocent citizens, with impunity, with the foreseeable result of Plaintiff's being subjected to false arrest, false imprisonment, malicious prosecution, violation of due process and other related injuries and damages.

210.    Defendant City of Philadelphia was deliberately indifferent to the risks attendant to inadequate policies and training concerning warrantless searches and seizures without probable cause or consent and subjecting innocent citizens to false arrests, false imprisonment, malicious prosecutions, due process violations and other related injuries and damages and to avoid constitutional deprivations as those committed against Plaintiff by Defendant Michael Spicer and the other named Defendant officers.

211.    Defendant City of Philadelphia  failed to investigate, discipline, restrain or terminate officers who subject innocent citizens to false arrests, false imprisonment, malicious prosecutions, violations of due process and related injuries and damages resulting from warrantless searches and seizures without probable cause or consent and who falsify information necessary to arrest, incarcerate and prosecute, innocent citizens such as Plaintiff.

212.    Defendant City of Philadelphia failed to meaningfully investigate and discipline officers who subject citizens to legal process, including false arrests, false imprisonment, malicious prosecutions, violations of due process and other related damages and injuries resulting from warrantless searches and seizures without probable cause or consent and who falsify information necessary to arrest, incarcerate and prosecute, innocent citizens such as Plaintiff.

213.    The unreasonable creating or escalating of situations where police officers conduct warrantless searches and seizures without probable cause or consent, falsify information necessary to arrest, incarcerate and prosecute, such as Plaintiff was subjected to, were customs so deeply ingrained as to constitute the actual policy of Defendant City of Philadelphia.

214.    The foregoing acts, omissions, systemic deficiencies, customs and deliberate indifference caused police officers, including Defendant Michael Spicer and the other named Defendant officers, to believe that they could engage in conduct including warrantless searches and seizures without probable cause or consent, falsify information necessary to arrest, incarcerate and prosecute and subject an innocent citizen to legal process, including false arrest, false imprisonment, malicious prosecution, due process violations and other related injuries and damages and that his conduct would not be meaningfully investigated and that no sanctions or retraining would be imposed, with the foreseeable result that officers, including Defendant Michael Spicer and the other named Defendant officers believed they could violate the rights of citizens, like Plaintiff, with impunity.

215.    Defendant City of Philadelphia's policies, practices and customs and its failure, with deliberate indifference to properly train, supervise, investigate and discipline in connection with conducting proper searches and seizures and the requirement for probable cause and the duty to provide truthful information to the District Attorney and to properly arrest, incarcerate and prosecute, caused Defendant Michael Spicer and the other named Defendant officers to violate Plaintiff's rights under the United States Constitution, the Pennsylvania Constitution and the applicable statutes and case law.

-41-

216.    Defendant City of Philadelphia is responsible for a pattern of falsely arresting and subjecting innocent citizens to legal process and criminal proceedings, by failing to meaningfully investigate and discipline officers who engage in such conduct and who are not meaningfully disciplined for their executing warrantless searches and seizures without probable cause or consent and who falsify information necessary to arrest, incarcerate and prosecute, prior to subjecting an innocent citizen to false arrest and legal process within the criminal justice system.

217.    As a direct and proximate result of or by virtue of an affirmative link or causal nexus thereof, the aforesaid acts, omissions and deliberate indifference to the danger of harm to citizens like Plaintiff and the need for more or different training, investigation and discipline, systemic deficiencies, policies, practices and customs of Defendant City of Philadelphia, Defendant Michael Spicer and the other named Defendant officers violated the rights of Plaintiff under the laws and Constitution of the United States of America including the Fourth and Fourteenth Amendments and 42 U.S.C.§ 1983 pertaining to Plaintiff's right to be free from illegal searches and seizures, false arrest, false imprisonment, malicious prosecution, due process violation and other related injuries and damages and to be secure in his person and property.

218.    The above-described policies and customs and failure to adopt necessary and appropriate policies demonstrated a deliberate indifference on the part of the policymakers and decisionmakers of Defendant City of Philadelphia, which includes, but is not limited to, Defendant Otto, its policymakers and supervisory/management level employees and were the cause of the violation of the rights of Plaintiff, as alleged herein and the injuries and damages that resulted therefrom.

219.    The rights of citizens, including Plaintiff, to be free from illegal searches and seizures, false arrests, false imprisonment, malicious prosecutions and due process violations are well established, fundamental and protected by the Fourth and Fourteenth Amendments to the United States Constitution and Defendants were aware or should have been aware of these rights and the constitutional protections.

220.    Defendants, their decisionmakers and supervisory/management level employees had a duty to protect the constitutional rights of Plaintiff and other citizens.

221.    The allowing of the above-described defective and inadequate policies and customs and the failure to adopt the necessary and appropriate policies, demonstrated a deliberate indifference on the part of Defendant City of Philadelphia, its decisionmakers and supervisory/management level employees concerning the constitutional rights of Plaintiff and other citizens and constitute a breach of their duty to protect the constitutional rights of Plaintiff and other citizens.

222.    As a result, Defendant City of Philadelphia is liable to Plaintiff for all injuries and damages suffered from his being subjected to an illegal search and seizure, false arrest, false imprisonment, malicious prosecution, violations of due process and the other specific injuries and damages set forth in the within Complaint.

WHEREFORE, Plaintiff Lamont Miller, respectfully requests that this Honorable Court enter judgment in their favor and against Defendant City of Philadelphia in the amount of all damages, including compensatory damages, interest, injunctive relief, attorney's fees and costs under 42 U.S.C. § 1988 and such other relief that this Honorable Court deems just and reasonable.

## COUNT VIII
## SUPPLEMENTAL STATE LAW CLAIM
## FALSE ARREST/FALSE IMPRISONMENT
## PLAINTIFF VS. INDIVIDUAL DEFENDANTS

223.   Plaintiff hereby incorporates by reference the allegations in Paragraphs 1-222 as though the same were more fully set forth at length herein.

224.   The conduct of Defendant Michael Spicer and the other named Defendant officers constitutes a false arrest and false imprisonment of Plaintiff, which resulted in Plaintiff sustaining the damages and injuries set forth herein.

225.   Plaintiff was injured and damaged, as set forth above, by Defendant Michael Spicer and the other named Defendant officers, who acted with the intent to arrest and confine Plaintiff unlawfully and such actions were the actual and proximate cause of Plaintiff's confinement.

226.   As a result, the individual Defendants are liable to Plaintiff for false arrest and false imprisonment under the laws of the Commonwealth of Pennsylvania.

WHEREFORE, Plaintiff Lamont Miller, respectfully requests that this Honorable Court enter judgment in his favor and against the individual Defendants in the amount of all damages, including compensatory damages, punitive damages, interest, injunctive relief, attorney's fees and costs and such other relief that this Honorable Court deems just and reasonable.

## COUNT IX
## SUPPLEMENTAL STATE LAW CLAIM
## MALICIOUS PROSECUTION
## PLAINTIFF VS. INDIVIDUAL DEFENDANTS

227.   Plaintiff hereby incorporates by reference the allegations in Paragraphs 1-226

as though the same were more fully set forth at length herein.

228.    The conduct of Defendant Michael Spicer and the other named Defendant officers constitutes a malicious prosecution of Plaintiff, which resulted in Plaintiff sustaining the damages and injuries set forth herein.

229.    The conduct of the individual Defendants, as more fully described above, constituted and resulted in a malicious prosecution for which Defendants are liable to Plaintiff under the laws of the Commonwealth of Pennsylvania.

230.    As a direct and proximate result of the individual Defendants' actions, Plaintiff suffered and continues to suffer physical pain, serious mental anguish, psychological and emotional distress, fear, anxiety, embarrassment, pecuniary loss, financial expenses, economic loss and the loss of the enjoyment of life and life's pleasures to his great detriment and for which he is entitled to recover.

WHEREFORE, Plaintiff Lamont Miller, respectfully requests that this Honorable Court enter judgment in his favor and against the individual Defendants in the amount of all damages, including compensatory damages, punitive damages, interest, injunctive relief, attorney's fees and costs and such other relief that this Honorable Court deems just and reasonable.

## COUNT X
## SUPPLEMENTAL STATE LAW CLAIM
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## PLAINTIFF VS. INDIVIDUAL DEFENDANTS

231.    Plaintiff hereby incorporates by reference the allegations in Paragraphs 1-230 as though the same were more fully set forth at length herein.

232.    The above-described extreme and outrageous conduct, acts or omissions of the above-named individual Defendants resulted in the negligent infliction of emotional distress, psychological trauma, psychic pain and suffering upon the Plaintiff and instilled in his mind an immediate and permanent sense of fear and trepidation and said acts or omissions exceed all bounds of decency universally recognized and accepted in a civilized society.

233.    The emotional distress suffered by Plaintiff resulted in the manifestation of physical symptoms.

234.    As a direct and proximate result of the aforesaid conduct, acts or omissions of the above-named individual Defendants, Plaintiff suffered the following:

>    A.    Emotional distress, mental anguish and psychological distress and trauma and the resulting physical pain and suffering;
>
>    B.    Severe fright, worry, horror, shock to his nerves and nervous system and grief;
>
>    C.    Embarrassment, shame, humiliation and anger; and
>
>    D.    Past expenses for medical care and treatment.

235.    As a direct and proximate cause of the actions of the individual Defendants, as more fully described above and his resulting extreme mental and emotional distress and physical illness, Plaintiff was rendered disabled and remains disabled from engaging in regular and meaningful employment.

236.    As a direct and proximate result of the outrageous conduct, actions and omissions of the individual Defendants and the resulting emotional and psychological stress and trauma, mental anguish, pain and suffering, fright, horror, grief, shame, humiliation, embarrassment,

-46-

severe anger, disappointment, worry, medical expenses and economic loss, Plaintiff is entitled to punitive damages, both factually and legally against the individual Defendants.

WHEREFORE, Plaintiff Lamont Miller, respectfully requests that this Honorable Court enter judgment in his favor and against the individual Defendants in the amount of all damages, including compensatory damages, punitive damages, interest, injunctive relief, attorney's fees and costs and such other relief that this Honorable Court deems just and reasonable.

**COUNT XI**
**SUPPLEMENTAL STATE LAW CLAIM**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**PLAINTIFF VS. INDIVIDUAL DEFENDANTS**

237.    Plaintiff hereby incorporates by reference the allegations in Paragraphs 1-236 as though the same were more fully set forth at length herein.

238.    The aforesaid extreme and outrageous conduct, acts or omissions of the individual Defendants, including the Defendant Michael Spicer, in the scope of their employment were acting independently, were calculated, designed and intended by Defendants to intentionally inflict deliberate emotional distress, psychological trauma, pain and suffering upon Plaintiff.

239.    The individual Defendants engaged in said conduct with intent to instill an immediate and permanent sense of fear in Plaintiff's mind.

240.    As a direct and proximate cause of the actions and/or omissions of the individual Defendants, Plaintiff suffered extreme emotional distress, fear, anxiety, embarrassment, pecuniary loss, loss of life's enjoyments and resulting physical pain, all to his great detriment.

241.    The cause of action against the above-named individual Defendants for the tort of

intentional infliction of emotional distress is recognized under the laws of the Commonwealth of Pennsylvania and by the Pennsylvania courts.

242.    The actions of the individual Defendants against the Plaintiff, which constituted outrageous conduct, was known to the Defendants and said actions directly and proximately caused Plaintiff to suffer emotional distress.

243.    The actions of the individual Defendants against Plaintiff, constituted outrageous conduct which directly and proximately caused the Plaintiff to suffer emotional distress.

244.    As a direct and proximate result of the actions of the individual Defendants, as more fully described above and the resulting extreme medical and emotional distress and physical illness, Plaintiff incurred financial expenses, medical bills and economic loss, to his great detriment and for which he is entitled to recover damages.

245.    As a direct and proximate result of the outrageous conduct, actions and omissions of the individual Defendants and the resulting emotional and psychological stress and trauma, mental anguish, pain and suffering, fright, horror, grief, shame, humiliation, embarrassment, severe anger, disappointment, worry, medical expenses and economic loss, Plaintiff is entitled to punitive damages, both factually and legally against the individual Defendants.

WHEREFORE, Plaintiff Lamont Miller, respectfully requests that this Honorable Court enter judgment in his favor and against the individual Defendants in the amount of all damages, including compensatory damages, punitive damages, interest, injunctive relief, attorney's fees and costs and such other relief that this Honorable Court deems just and reasonable.

-48-

**COUNT XII**
**SUPPLEMENTAL STATE LAW CLAIM**
**VIOLATION OF THE PENNSYLVANIA CONSTITUTION**
**PLAINTIFF VS. ALL DEFENDANTS**

246.    Plaintiff hereby incorporates by reference the allegations in Paragraphs 1 through 245 as though the same were more fully set forth at length herein.

247.    Defendants' above-described conduct has deprived Plaintiff of his rights pursuant to the constitution of the Commonwealth of Pennsylvania.

WHEREFORE, Plaintiff Lamont Miller, respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendants, jointly and severally and determine that the Plaintiff has suffered the substantial and continuing injuries set forth above and that said injuries resulted from the deprivation of his civil and constitutional rights, discrimination and other wrongful conduct by Defendants and award Plaintiff the following relief:

A.    A declaration that Defendants have violated Plaintiff's civil rights;

B.    Injunctive relief, including entering an Order enjoining Defendants and its police department and all supervisory and management level employees of the Defendant City of Philadelphia from engaging in further violations of the rights of citizens including the right to be free from illegal searches and seizures, false arrest, false imprisonment, malicious prosecution and violations of due process and directing that Defendants undertake a remedial program to provide regular and periodic training to their employees and police officers concerning the mandates of the Fourth and

-49-

Fourteenth Amendments to the United States Constitution and the

Constitution of the Commonwealth of Pennsylvania;

C.     Such other equitable relief as this Honorable Court should deem just and

proper.

## DEMAND FOR JURY TRIAL

248.  Plaintiff hereby demands a jury trial on all issues of fact and damages in

this action.

Respectfully submitted,

Date:  _4-5-18_____

_____
Fredrick E. Charles, Esquire
Attorney for Plaintiff
Attorney I.D.: 25691
441 Linden Street
Allentown, PA 18102
(610) 437-7064

_____
James J. Burke, Esquire
Attorney for Plaintiff
Attorney I.D.: 065243
44 East Broad Street, Suite 15
Bethlehem, PA 18018

-50-